**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DOW JONES AND COMPANY,
INCORPORATED,
Petitioner,

v.

No. 95-2713

NATIONAL LABOR RELATIONS BOARD,
Respondent,

INDEPENDENT ASSOCIATION OF
PUBLISHERS' EMPLOYEES,
Intervenor.

NATIONAL LABOR RELATIONS BOARD,
Petitioner,

v.

No. 95-2871

DOW JONES AND COMPANY,
INCORPORATED,
Respondent.

On Petition for Review and Cross-application for Enforcement of
an Order of the National Labor Relations Board.
(2-CA-24686)

Argued: September 27, 1996

Decided: November 1, 1996

Before WILKINS, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

**COUNSEL**

**ARGUED:** Richard Knight Muser, CLIFTON, BUDD & DEMARIA, New York, New York, for Dow Jones. Jayme Lynn Sophir, NATIONAL LABOR RELATIONS BOARD, Washington, D.C., for NLRB. Lowell G. Peterson, MEYER, SUOZZI, ENGLISH & KLEIN, P.C., Mineola, New York, for Intervenor. **ON BRIEF:** Thomas W. Budd, CLIFTON, BUDD & DEMARIA, New York, New York, for Dow Jones. Frederick L. Feinstein, General Counsel, Linda Sher, Associate General Counsel, Aileen A. Armstrong, Deputy Associate General Counsel, Peter Winkler, Supervisory Attorney, NATIONAL LABOR RELATIONS BOARD, Washington, D.C., for NLRB.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Dow Jones petitions for review of a decision and order of the National Labor Relations Board ("NLRB") finding Dow Jones in violation of § 8 of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 151 et seq. The NLRB cross-petitions this court for enforcement of its order.

Dow Jones publishes and distributes the Wall Street Journal, and has over 100 offices worldwide. The Independent Association of Publishers' Employees ("IAPE") is a union which represents employees at 55 of these locations. A contentious dispute between the parties began in September of 1990, when IAPE's board of directors voted to recommend that the IAPE affiliate with the CWA (another union). Although Dow Jones had occasionally allowed IAPE to use its facilities for meetings and gatherings prior to the dispute, after September of 1990 the company denied IAPE and CWA representatives access

2

to their facilities for meetings due to a self-proclaimed "company-wide" policy of denying use of Dow Jones' facilities for non-company-related business purposes. In September and October, several IAPE requests to use facilities for annual meetings were denied. Also in September and October of 1990, two CWA representatives who sought to contact Dow Jones' employees regarding the proposed affiliation were denied access to the cafeteria at Dow Jones' South Brunswick facility.

IAPE filed unfair labor charges, alleging that the IAPE and CWA were discriminatorily denied the use of facilities and that Dow Jones had unilaterally altered a past practice of permitting IAPE to use Dow Jones' property. After a hearing, the administrative law judge ("ALJ") found that Dow Jones allowed several groups to use Dow Jones' facilities, including Weight Watchers, Smoke Enders, various artists, the Dow Jones Women's Network, the Dow Jones Minority Employees Association, and a perfume-testing company. The ALJ held that these uses were not rationally distinguishable from the use requested by IAPE, and accordingly held that Dow Jones had discriminatorily denied IAPE and CWA the use of facilities at five locations, and discriminatorily denied the organizations the right to solicit employees at South Brunswick, New Jersey, and Liberty Street. The ALJ denied IAPE's claim of discriminatory denial at the company's San Francisco facility. On appeal, the NLRB broadened the ALJ's holding by finding the discriminatory denial to be company-wide, thereby encompassing the alleged violation at the San Francisco facility. Furthermore, while the ALJ had dismissed IAPE's claim that Dow Jones had unilaterally altered a past practice of granting the Union unrestricted use of its facilities, on appeal the NLRB held that Dow Jones had a company-wide practice of allowing the Union unrestricted use of its facilities and had violated the NLRA by unilaterally altering that practice.

Dow Jones argues that the NLRB erred in finding a violation of 29 U.S.C. § 158(a)(1), claiming that the company did not discriminatorily deny IAPE and CWA officials access to Dow Jones facilities. The company contends in this regard that the use Dow Jones granted to other organizations was "business related," and not substantially similar to the use sought by the Unions. Dow Jones also argues that the NLRB erred in holding that Dow Jones unilaterally altered a past

3

practice of allowing IAPE use of its facilities in violation of 29 U.S.C. § 158(a)(5) because the number and type of previous IAPE meetings allowed by Dow Jones was insufficient to constitute a past practice of allowing such meetings.

The NLRB's decision must be upheld if the Board's factual findings are supported by the record and its legal conclusions constitute a reasonable application of the act. See NLRB  v. Town & Country Elec., Inc., 116 S. Ct. 450, 453 (1990). Having carefully reviewed the record and briefs, and heard the contentions of the parties at oral argument, we find the NLRB's decision to be amply supported by the record. We therefore enforce the NLRB order on the reasoning of that order.

AFFIRMED

4